FALLS v. FALLS *et al.*

Contract : FOR SALE OF LAND : MOTHER TO SON : CONSIDERATION : UNDUE INFLUENCE : EVIDENCE.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FILED, MAY 18, 1889.

ACTION to set aside and cancel a certain written contract for the sale of real estate, on the grounds that the plaintiff executed the same under undue influence, and for an inadequate consideration.

The case was submitted to the district court, and decree dismissing the plaintiffs' petition and judgment against her for costs were entered from which she appeals.

The following are the material facts as shown by the testimony:

The eighty acres in controversy were owned by Patrick Falls, husband of the plaintiff, and father of the defendant, James Falls, for many years; he and the plaintiff residing thereon as their home up to the time of his death, January 4, 1887. Patrick Falls left a will, by which he devised all his property, real and personal, to the plaintiff, except two hundred dollars to be paid to James, their only child, three years after testator's death. After the death of Patrick, plaintiff continued to live alone on the farm, remote from neighbors, until after making the contract in question.

James Falls, aged about forty years, was then residing at New Sharon with his wife, the defendant Bridget Falls, where he was employed as section foreman, at forty dollars a month. He had not resided with his parents, as one of the family, for some fifteen or sixteen years.

In the spring of 1887, the plaintiff got two neighbors to write to James, at different times, to come home and see about removing the remains of his father to another lot, and about renting the farm. James came to his mother's home on the Thursday preceding April 11, and remained with her until after the execution of the contract in question.

At the time of making the contract, the plaintiff was seventy-two years of age, feeble in health, uneducated, and unaccustomed to business.

The testimony of H. Vanderlip, who drew the contract, and of others, shows that the contract was drawn as dictated by the plaintiff, and that James Falls acquiesced in whatever she directed to be put in the contract.

By the contract she sold to James the eighty acres of land, shown to have been worth from twenty dollars to twenty-five dollars an acre; he to have full control thereof, except the dwelling house and one-half of the granary, he agreeing to deliver to her one-third of all grain grown on the property for three successive years, after which he was to pay her one hundred and ten dollars cash on the first day of January of each year as long as she lived. He also agreed to pay her one hundred and twenty-five dollars, one-half in two years, and one-half in three years, for one horse and all the farming implements on the farm, and to relinquish the two hundred dollars left him by his father's will.

James went into possession in the spring of 1887. The plaintiff complains of unusually harsh treatment by both the defendants soon after, and this suit was instituted in August following.

*Ranck & Wade,* for appellant

*George A. Ewing,* for appellee.

GIVEN, C. J.—I. In view of the relations and circumstances of the parties, the contract entered into was a most reasonable one for them to make; and, though the consideration might be deemed inadequate as between strangers, we think it is fully sufficient to sustain the contract so far as consideration is concerned.

II. The character of plaintiff's testimony fully sustains the averment that she was old and feeble, and easily influenced. At the time of testifying, she was evidently very much embittered against her son and his wife, the defendants, and her statements do not show that thoughtfulness which gives weight to testimony.

The decided weight of the testimony is against the conclusion that the plaintiff executed the writing under any undue influence. The testimony of Mr. Vanderlip, who drew the instrument, and of Mr. Kennedy, who was present, shows quite satisfactorily that the instrument was drawn just as she desired to have it.

We think the decree of the district court was in accordance with the weight of the testimony, and it is therefore          AFFIRMED.

BECK, J., not concurring.